MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
REYNA FLORES MORENO, TERESA
MAGDALENO, and LETICIA ANSELMO
LOPEZ, *individually and on behalf of others
similarly situated,*

                                  *Plaintiffs*,

                -against-

MULAN THREE INC.  (D/B/A
LAUNDROMAT), NEWASH INC.  (D/B/A
CARLTON LAUNDROMAT), MUBASHAR
FAROOQ , MOBY DOE , and
OLUWAYEMISI FAMOJURO AKA
GENESIS ,

                          *Defendants.*
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Reyna Flores Moreno, Teresa Magdaleno, and Leticia Anselmo Lopez ,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Mulan Three Inc. (d/b/a Laundromat), Newash Inc. (d/b/a Carlton Laundromat),

("Defendant Corporations"), Mubashar Farooq,  Moby Doe, and  Oluwayemisi Famojuro aka

Genesis, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Mulan Three Inc. (d/b/a Laundromat), Newash Inc. (d/b/a Carlton Laundromat), Mubashar Farooq, Moby Doe, and Oluwayemisi Famojuro aka Genesis.

2.       Defendants own, operate, or control a laundry service, located at 1394 Ogden Avenue, Bronx, NY 10452 under the name "Laundromat" and at 179 E. 105th St., New York, NY 10029 under the name "Carlton Laundromat".

3.      Upon information and belief, individual Defendants Mubashar Farooq, Moby Doe, and Oluwayemisi Famojuro aka Genesis, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundry services as a joint or unified enterprise.

4.      Plaintiffs were employed as laundry attendants at the laundry services located at 1394 Ogden Avenue, Bronx, NY 10452 and 179 E. 105th St., New York, NY 10029.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

9.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

13.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundry service located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

14.     Plaintiff Reyna Flores Moreno ("Plaintiff Flores" or "Ms. Flores") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Flores was employed by Defendants at Mulan Laundromat from approximately June 2015 until on or about October 22, 2019.

16.     Plaintiff Teresa Magdaleno ("Plaintiff Magdaleno" or "Ms. Magdaleno") is an adult individual residing in Bronx County, New York.

17.     Plaintiff Magdaleno was employed by Defendants at Mulan Laundromat from approximately July 2017 until on or about July 29, 2019.

18.     Plaintiff Leticia Anselmo Lopez ("Plaintiff Anselmo" or "Ms. Anselmo") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Anselmo was employed by Defendants at Mulan Laundromat from approximately March 25, 2018 until on or about June 28, 2019.

*Defendants*

20.     At all relevant times, Defendants owned, operated, or controlled two laundry services, located at 1394 Ogden Avenue, Bronx, NY 10452 under the name "Laundromat" and at 179 E. 105th St., New York, NY 10029 under the name "Carlton Laundromat".

21.     Upon information and belief, Mulan Three Inc. (d/b/a Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1394 Ogden Avenue, Bronx, NY 10452.

22.    Upon information and belief, Newash Inc. (d/b/a Carlton Laundromat) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 179 E. 105th St., New York, NY 10029.

23.    Defendant Mubashar Farooq is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mubashar Farooq is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mubashar Farooq possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Moby Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Moby Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Moby Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Oluwayemisi Famojuro aka Genesis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Oluwayemisi Famojuro aka Genesis is sued individually in her capacity as a manager of Defendant Corporations. Defendant Oluwayemisi Famojuro aka Genesis possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She

determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

### FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants operate a laundry service located in the East Harlem section of Manhattan and the Mt. Eden section of the Bronx.

27.    Individual Defendants, Mubashar Farooq, Moby Doe, and Oluwayemisi Famojuro aka Genesis, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Mubashar Farooq and Moby Doe operate Defendant Corporations as either alter egos of  themselves and/or fail to operate

Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.    In each year from 2015 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry services on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are former employees of Defendants who were employed as laundry attendants. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Reyna Flores Moreno*

37.    Plaintiff Flores was employed by Defendants from approximately June 2015 until on or about December 2017 and then from approximately April 2018 until on or about October 22, 2019.

38.    Defendants employed Plaintiff Flores as a laundry attendant.

39.    Plaintiff Flores regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

40.    Plaintiff Flores's work duties required neither discretion nor independent judgment.

41.    Throughout her employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

42.    From approximately June 2015 until on or about December 2015, Plaintiff Flores worked at the Manhattan location from approximately 9:00 a.m. until on or about 12:20 p.m., 4 days a week and from approximately 7:00 a.m. until on or about 3:20 p.m., on Sundays (typically 22 hours per week).

43.     From approximately January 27, 2016 until on or about October 2016, Plaintiff Flores worked at the Bronx location from approximately 7:00 a.m. until on or about 3:40 p.m., on Mondays through Saturdays (typically 52 hours per week).

44.     From approximately November 2016 until on or about March 2017, Plaintiff Flores worked at the Bronx location from approximately 7:00 a.m. until on or about 10:20 p.m., 7 days a week (typically 107 hours per week).

45.     For approximately six months from April 2017 until on or about November 2017, Plaintiff Flores worked at the Bronx location from approximately 7:00 a.m. until on or about 3:40 p.m., 6 days a week (typically 50 hours per week).

46.     For approximately two months during April 2017 until on or about November 2017, Plaintiff Flores worked at the Manhattan location from approximately 7:00 a.m. until on or about 3:20 p.m., 6 days a week and from approximately 8:00 p.m. until on or about 2:20 a.m., 1 day a week (typically 58.33 hours per week).

47.     From approximately April 2018 until on or about August 15, 2019, Plaintiff Flores worked at the Manhattan location from approximately 7:00 a.m. until on or about 3:50 p.m., 6 days a week (typically 53 hours per week).

48.     From approximately August 16, 2019 until on or about September 15, 2019, Plaintiff Flores worked at the Manhattan location from approximately 7:00 a.m. until on or about 3:40 p.m., Mondays through Saturdays and from approximately 3:00 p.m. until on or about 10:20 p.m., on Sundays (typically 59.33 hours per week).

49.     From approximately September 16, 2019 until on or about October 22, 2019, Plaintiff Flores worked at the Manhattan location from approximately 7:00 a.m. until on or about 3:20 p.m., Mondays through Saturdays (typically 52 hours per week).

50.    From approximately June 2015 until on or about August 2019, Defendants paid Plaintiff Flores her wages in cash.

51.    From approximately September 2019 until on or about October 22, 2019, Defendants paid Plaintiff Flores her wages by personal check.

52.    From approximately June 2015 until on or about December 2016, Defendants paid Plaintiff Flores $8.00 per hour.

53.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Flores $8.75 per hour.

54.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Flores $9.50 per hour.

55.    From approximately January 2018 until on or about March 2019, Defendants paid Plaintiff Flores $10.00 per hour.

56.    From approximately April 2019 until on or about October 22, 2019, Defendants paid Plaintiff Flores $11.00 per hour.

57.    For approximately her last two days, for a total of $132, Defendants did not pay Plaintiff Flores her wages for her work.

58.    Plaintiff Flores's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

59.    For example, Defendants required Plaintiff Flores to work an additional 20 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

60.    Defendants never granted Plaintiff Flores any breaks or meal periods of any kind.

61.    Except for one year at the Bronx location, Plaintiff Flores was not required to keep track of her time.

62.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Teresa Magdaleno*

65.     Plaintiff Magdaleno was employed by Defendants from approximately July 2017 until on or about July 29, 2019.

66.     Defendants employed Plaintiff Magdaleno as a laundry attendant.

67.     Plaintiff Magdaleno regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

68.     Plaintiff Magdaleno's work duties required neither discretion nor independent judgment.

69.     Throughout her employment with Defendants, Plaintiff Magdaleno regularly worked in excess of 40 hours per week.

70.     From approximately July 2017 until on or about May 1, 2019, Plaintiff Magdaleno worked at the Bronx location from approximately 7:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., 5 days a week and from approximately 9:00 a.m. until on or about 6:00 p.m. to 7:00 p.m., 1 day a week (typically 59 to 65 hours per week).

71.     From approximately June 1, 2019 until on or about July 8, 2019, Plaintiff Magdaleno worked at the Manhattan location from approximately 7:00 a.m. until on or about 3:00 p.m., 5 days a week (typically 40 hours per week).

72.     From approximately July 9, 2019 until on or about July 29, 2019, Plaintiff Magdaleno worked at the Manhattan location from approximately 7:00 a.m. until on or about 4:30 p.m. to 5:00 p.m., 5 days a week (typically 47.5 to 50 hours per week).

73.     Throughout her employment, Defendants paid Plaintiff Magdaleno her wages in cash.

74.     From approximately July 2017 until on or about March 2019, Defendants paid Plaintiff Magdaleno $10.00 per hour.

75.     From approximately April 2019 until on or about July 29, 2019, Defendants paid Plaintiff Magdaleno $10.50 per hour.

76.     Defendants did not pay Plaintiff Magdaleno any wages for her last week of work.

77.     Plaintiff Magdaleno's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

78.     For example, Defendants required Plaintiff Magdaleno to work an additional 30 minutes to an hour past her scheduled departure time every day, and did not pay her for the additional time she worked.

79.     Defendants never granted Plaintiff Magdaleno any breaks or meal periods of any kind.

80.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Magdaleno regarding overtime and wages under the FLSA and NYLL.

81.    Defendants did not provide Plaintiff Magdaleno an accurate statement of wages, as required by NYLL 195(3).

82.    Defendants did not give any notice to Plaintiff Magdaleno, in English and in Spanish (Plaintiff Magdaleno's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Leticia Anselmo Lopez*

83.    Plaintiff Anselmo was employed by Defendants from approximately April 2018 until on or about June 28, 2019.

84.    Defendants employed Plaintiff Anselmo as a laundry attendant.

85.    Plaintiff Anselmo regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

86.    Plaintiff Anselmo's work duties required neither discretion nor independent judgment.

87.    Throughout her employment with Defendants, Plaintiff Anselmo regularly worked in excess of 40 hours per week.

88.    From approximately April 2018 until on or about December 2018, Plaintiff Anselmo worked at the Bronx location from approximately 7:00 a.m. to 11:00 a.m. until on or about 12:00 a.m., 3 days a week, (typically 39 to 51 hours per week).

89.    From approximately April 2018 until on or about December 2018, Plaintiff Anselmo worked at the Manhattan location from approximately 7:00 a.m. to 11:00 a.m. until on or about 10:00 p.m., 3 days a week (typically 33 to 43 hours per week).

90.    From approximately January 2019 until on or about June 28, 2019, Plaintiff Anselmo worked at the Bronx location from approximately 7:00 a.m. to 11:00 a.m. until on or about 12:00 a.m., 6 days a week (typically 78 to 102 hours per week).

91.    Throughout her employment, Defendants paid Plaintiff Anselmo her wages in cash.

92.    From approximately April 2018 until on or about June 28, 2019, Defendants paid Plaintiff Anselmo $10.00 per hour.

93.    For approximately one week, for a total of $500, Defendants did not pay Plaintiff Anselmo her wages for her work.

94.    Plaintiff Anselmo's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

95.    For example, Defendants required Plaintiff Anselmo to work an additional 4 hours to 8 hours before her scheduled start time two times a week, and did not pay her for the additional time she worked.

96.    Defendants never granted Plaintiff Anselmo any breaks or meal periods of any kind.

97.    Plaintiff Anselmo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

98.    Although Plaintiff Anselmo was required to keep track of her time, Defendants required her to record fewer hours than she actually worked. As a result, Plaintiff Anselmo was not compensated for all of the hours that she worked.

99.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Anselmo regarding overtime and wages under the FLSA and NYLL.

100.    Defendants did not provide Plaintiff Anselmo an accurate statement of wages, as required by NYLL 195(3).

101.    Defendants did not give any notice to Plaintiff Anselmo, in English and in Spanish (Plaintiff Anselmo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

102.    Defendants required Plaintiff Anselmo to purchase "tools of the trade" with her own funds—including gloves, once a week.

*Defendants' General Employment Practices*

103.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

104.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked..

105.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

106.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

107.    Defendants' time keeping system did not reflect the actual hours that Plaintiffs worked.

108.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

109.    On a number of occasions, Defendants required Plaintiffs to sign a document the contents of which they were not allowed to review in detail. Defendants paid Plaintiffs their wages in a combination of cash and personal checks.

110.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

111.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

112.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

113.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

114.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

115.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

116.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

117.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

118.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

119.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

121.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

122.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

123.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

124.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

125.    Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

128.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

129.    Plaintiffs (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

132.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

133.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

134.    Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

135.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

136.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

137.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

138.     Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

139.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.     Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

141.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

142.     Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

143.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

144.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of

the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the

physical address of the employer's main office or principal place of business, and a mailing address

if different; and the telephone number of the employer, as required by NYLL §195(1).

145.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs

and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate

statement listing each of the following: the dates of work covered by that payment of wages; name

of employee; name of employer; address and phone number of employer; rate or rates of pay and

basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked;

and the number of overtime hours worked, as required by NYLL 195(3).

148.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs

and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

149.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.    Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

151.    Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

November 1, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 21, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Teresa Magdaleno Castelan

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                *Teresa Magdaleno*

Date / Fecha:                     21 de octubre 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 21, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Reyna Flores Moreno (a.k.a. Reyna)

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      21 de octubre 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 22, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Leticia Anselmo Lopez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                        22 de octubre 2019

*Certified as a minority-owned business in the State of New York*